UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KATHLEEN FISLER,

Plaintiff,

v.

FIRST UNION SECURITIES, INC., FIRST UNION CORPORATION and WACHOVIA CORPORATION,

Defendants.

CIVIL NO. 01-2006 (RHK/JMM)

ORDER

The above matter came on for hearing before the undersigned on January 16, 2002 upon Plaintiff's Motion to Amend Complaint [Docket No. 8]. Thomas M. Darden, Esq. appeared on behalf of Plaintiff; David P. Bunde, Esq. appeared on behalf of Defendants. Because Plaintiff's Motion involves two parts, both a non-dispositive issue (amendment) and a dispositive issue (remand), we are issuing both an Order and a Report and Recommendation to the District Court.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that Plaintiff's Motion to Amend Complaint [Docket No. 8] is granted insofar as Plaintiff seeks to amend the Complaint. Plaintiff shall cause the Amended Complaint to be served and filed on or before February 11, 2002.

Dated: January 30, 2002

JOHN M. MASON
United States Magistrate Judge

FILED JAN 30 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**MEMORANDUM**

The Complaint in this case alleges claims of gender discrimination, defamation, conversion, and violations of Minn. Stat. §§ 181.13 and 181.961. Plaintiff seeks leave to amend her Complaint to add claims for defamation against several individuals. Defendant argues that the Motion to Amend should be denied because the proposed claims are subject to arbitration, so adding them to the Complaint would be futile.

The decision of whether to grant a Motion to Amend is committed to the discretion of the District Court. Bell v. Allstate Life Insur. Co., 160 F.3d 452, 454 (8th Cir. 1998)(citations omitted). Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Proper justifications for denying a Motion to Amend include "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." Bell, 160 F.3d at 454 (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

Defendants' argument as to the futility of the amendment is based on their assertion that Plaintiff is required to bring these new claims in arbitration, because the individuals she seeks to add as Defendants are former customers, and she signed a document agreeing to pursue any claims against her customers through arbitration before the National Association of Securities Dealers ("NASD"). Furthermore, Defendants assert that several of the individuals Plaintiff seeks to add as Defendants in this action have already filed claims with the NASD against Defendant First Union Securities, Inc. based upon alleged wrongdoings by Plaintiff. Defendants argue that allowing Plaintiff's amendment would be futile because:

> [i]f the Court were to allow the amendment, these customers would move to compel arbitration of her claims against them. This motion would be successful since Plaintiff's claims for defamation and conspiracy to defame are inextricably tied to the matter currently under arbitration.

Defendants' Memorandum in Opposition to Plaintiff's Motion, p. 4.

Defendants' arguments on this point involve several levels of speculation. In order to accept Defendants' rationale regarding the futility of the amendment, we would have to assume that all of the new Defendants will move to compel arbitration rather than defend the claims in this Court. We would also have to assume that all of these motions to compel arbitration would be successful. There is no assurance that these events will occur if we allow Plaintiff to add the proposed new claims to her Complaint.

If we were to make these assumptions, denial of Plaintiff's Motion to Amend the Complaint would still not be appropriate. Even if we allow Plaintiff to amend the Complaint, and all of the new Defendants file Motions to Compel arbitration, and the Court grants all of those Motions, the claims in the Amended Complaint will be subject to a stay, but not to dismissal.

The authority to compel arbitration comes from 9 U.S.C. § 4, which provides that "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration" may petition a federal district court "for an order directing that such arbitration proceed in the manner provided for in such agreement." The authority to stay a court action pending arbitration derives from 9 U.S.C. § 3, which provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

Neither § 3 nor § 4 expressly provides the Court with the authority to dismiss arbitrable claims.[1] Defendants' assertion that amendment of the Complaint is futile because the new claims will necessarily be subject to dismissal is not supported by the law relating to arbitration.

Defendants also suggests that we should use our discretion to deny the Motion to Amend the Complaint because parallel proceedings in the Court and in arbitration will lead to duplicative, and potentially contradictory, results. The Court has the authority to deny Plaintiff's Motion to Amend pursuant to 28 U.S.C. § 1447(e), which provides:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

"Under Section 1447(e), the actual decision on whether or not to permit joinder of a defendant under these circumstances is committed to the sound discretion of the district

---

[1] Some authority exists to the effect that dismissal is permitted when every issue raised in a case must be submitted to arbitration. See Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992). The record currently before the Court does not support the conclusion that all of the issues in the Amended Complaint will be subject to arbitration. In addition, as we have stated, Defendants' assertion that all of the individual Defendants will bring motions to compel arbitration is speculative.

court . . ." Mayes v. Rapoport, 198 F.3d 457, 462 (4th Cir. 1999). It is up to the Court to balance the equities in deciding whether Plaintiff should be permitted to amend the Complaint to add non-diverse Defendants. See Mayes, 198 F.3d at 462-63.

The best course in this case is to permit joinder and recommend to the District Court that the case be remanded. It does not appear that Plaintiff is asserting the new claims for an improper purpose, such as defeating jurisdiction. The potential for duplicative proceedings would increase if we denied Plaintiff's Motion to Amend, because Plaintiff could still bring the new claims in state court, and then the parties could be placed in the position of having actions pending in state court, federal court, and arbitration.

If the claims in the proposed Amended Complaint are subject to arbitration, duplicative proceedings can best be avoided by allowing Plaintiff to brings those claims before this Court, thus causing the case to be remanded for want of diversity jurisdiction. This will lodge with a single court all issues relating to arbitration.

J.M.M.